IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION
**HAYDEN HEAD**
**SENIOR U. S. DISTRICT JUDGE**, **VISITING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 11-299 |
| | § | SECTION HH |
| AARON F. BROUSSARD | § | |
| THOMAS G. WILKINSON | § | |

### MEMORANDUM ON DENIAL OF DEFENDANT BROUSSARD'S MOTION FOR IMPOSITION OF SANCTIONS

Pending before the Court is Defendant Broussard's motion for the imposition of contempt sanctions on the United States Attorney's Office for the Eastern District of Louisiana for an alleged violation of Rule 6(e) of the Federal Rules of Criminal Procedure. (D.E. 82). Finding no Rule 6(e) violation, the Court denies Defendant's motion. (D.E. 116).

A criminal defendant alleging improper disclosure must first make a prima facie case that a violation of Rule 6 has occurred. Fed. R. Crim. P. 6; *In re Grand Jury Investigation*, 610 F.2d 202, 216 (5th Cir. 1980) (hereinafter "*Lance*"); see also *Barry v. United States*, 865 F.2d 1317, 1321 (D.C. Cir. 1989). This prima facie case is based on two inquiries, the first of which is whether media reports disclose information about matters which have—or will—occur before the grand jury. *Lance*, 610 F.2d at 216–17; *Barry*, 865 F.2d at 1321. Information from sources independent of grand jury proceedings will not be considered matters before the grand jury. *Lance*, 610 F.2d at 217.

The second inquiry is whether media reports indicate the source of information on matters before the grand jury is a person proscribed from disclosure by Rule 6. *Id*. at 216–17. Attorneys for the government have an obligation of secrecy concerning matters occurring before a grand jury. Fed. R. Civ. P. 6(e)(2)(B)(vi). To determine whether a government attorney is the source of information on matters occurring before the grand jury, the media disclosure need not expressly implicate an attorney for the government as the source if "the nature of the information disclosed furnishes the connection." *Lance*, 610 F.2d at 218.

In determining the existence of a prima facie case, the Court must assume all information is true and weigh it against rebuttal evidence presented by the government. *Id*. at 219–20. An affidavit submitted by the government in response to a prima facie case, denying allegations of a Rule 6 violation, may negate a prima facie case and render a subsequent hearing unnecessary. *Id*. Yet, if a prima facie case is sustained, a "show cause" hearing must be held, where the burden shifts to the government to negate the prima facie case. *Id*. at 220-21.

Defendant Broussard's motion alleging a grand jury leak focuses on media reports about target letters and his and others' forthcoming indictments. Because information relating to investigations conducted, target letters sent, and plea offers proposed by the United States Attorney's Office are not matters before the grand jury, the Court does not inquire further into their disclosure. However, the Court will consider media disclosures on forthcoming indictments, the number of defendants to be indicted, and the charges to be brought, as these qualify as matters before the grand jury. See *Lance*, 610 F.2d at 217 ("Disclosures which expressly identify when an indictment would be presented to the grand jury, the nature of the

crimes which would be charged, and the number of persons who would be charged run afoul of the secrecy requirements codified in Rule 6(e).").

Two media reports presented by Defendant Broussard give support to a prima facie case. The first report, "Indictment imminent against Broussard," was published on December 1, 2011. (D.E. 82-8). It states: "A source tells FOX 8 News to expect former Jefferson Parish President Aaron Broussard to be indicted by a federal grand jury Friday. The source says Broussard's ex-wife, Karen Parker Broussard, and former parish attorney Tom Wilkinson will also be part of any indictments." (D.E. 82-8). The report reiterates: "Broussard resigned from office in January 2010. Nearly two years later, Broussard, his ex-wife and his former parish attorney could be indicted. A source says, expect it to come Friday." (D.E. 82-8).

The second report, entitled "Sources: indictments imminent in JP corruption case," was posted December 2, 2011. (D.E. 82-9). This report stated: "The first indictment stemming from the sprawling public corruption investigation into Jefferson Parish government could come as early as Friday sources close to the investigation tell Eyewitness News." (D.E. 82-9). It goes on to say:

> 'It would not be surprising to any of us if we see an indictment, including two or more defendants,' said former federal prosecutor and WWL-TV legal analyst Chick Foret. Foret says the first indictment is expected to include allegations of payroll fraud. 'It doesn't appear from everything that we are hearing, that there's going to be a massive Jefferson Parish indictment,' said Foret. 'What we're hearing now is that there's going to be a small indictment, perhaps 2 or 3 or 4 defendants.' … 'The possible charges are conspiracy, wire fraud, theft of government funds,' said Foret.
>
> (D.E. 82-9).

3

These two reports involve media disclosures on the timing of an indictment against Defendants Broussard, Wilkinson, and Parker, as well as charges to be brought against them. The predicted day of indictment, as well as the number and identity of defendants to be charged and the nature of the charges to be brought, proved to be accurate. As the information disclosed concerns matters occurring before the grand jury, the Court finds that the first prong of a prima facie case of improper disclosure of this information has been met.

The Court also finds that the second prong of a prima facie case has been met. The sources providing information concerning matters before the grand jury were described in the media disclosures as "a source" or "a source close to the investigation." Though these descriptions are vague and do not specifically name a government attorney, the nature of the information contained in these reports, viewed as a whole, suffices in a prima facie case to establish a connection to those obligated to maintain grand jury secrecy under Rule 6. The Court also notes that the second report relies on information from a former Assistant United States Attorney who claims ties to the United States Attorney's Office and who reported on matters that he was "hearing."

This does not end the inquiry. The Court must also consider rebuttal evidence presented by the government, including the affidavit of United States Attorney James Letten and materials furnished this Court that detail the Office's investigation of "leaks." These documents deny improper disclosure of information to the media regarding information on matters before the grand jury by the United States Attorney's Office and its agents. Among those questioned were United States Attorney's Office supervisory staff, staff members with knowledge or involvement

in the case, relevant FBI agents, support staff, and other prosecutors. Former Assistant United States Attorney Salvador Perricone was also interviewed. It was determined that none of these individuals inappropriately divulged information to the media.

The Court is satisfied that the United States Attorney's Office is not responsible for leaking information based on the materials filed publicly and those furnished in camera. The information provided shows a thorough investigation was conducted, in which the United States Attorney's Office was not able to identify any agent or employee that leaked information to the media. The Court also observes that there are other people, outside the United States Attorney's Office, that could be responsible for such an improper disclosure, if any occurred. In fact, as the United States Attorney's Office points out in its submission, it is known to the public when the grand jury meets.

The Court has given due attention to the spectrum of media reports presented relevant to the alleged disclosure, the particularity with which sources can be identified, the seriousness of the disclosure, and the relief sought by Defendant. The Court finds the government has sufficiently rebutted Defendant's prima facie case. Consequently, a hearing would serve no purpose other than as a fishing expedition into the United States' case against Defendants Broussard and Wilkinson and a distraction to the parties as they prepare for the main event, now enlarged by further allegations of public corruption.

In light of the above considerations, Defendant Broussard's prima facie case cannot be sustained. Thus, sanctions are inappropriate and an evidentiary hearing into the matter is not warranted. As ordered, Defendant Broussard's motion (D.E. 82) is DENIED.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE