IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:11-CR-299 |
| | § | (2:14-CV-432) |
| AARON F. BROUSSARD. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING  RULE 60(B) MOTION FOR RELIEF AND GRANTING A CERTIFICATE OF APPEALABILITY

In 2012, Aaron F. Broussard, an attorney and the former president of Jefferson Parish, pled guilty to fraud and theft. He was sentenced in February 2013. Broussard previously filed a motion to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255 which this Court denied and the circuit court affirmed. Broussard challenges that denial by motion for relief from judgment based upon newly discovered evidence pursuant to Rule 60(b). This Court orally denied Broussard's Rule 60(b) motion at the close of argument on the motion on June 1, 2015, and by written Order the same day.

The threshold issue is whether Broussard's motion is a second or successive § 2255 motion over which this Court may not exercise jurisdiction without circuit court approval, or whether the Court may rule on it as a Rule 60(b) motion. For the reasons that follow, the Court finds that Broussard's motion is second or successive and must be dismissed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are well-known to the parties and are set forth in more detail in this Court's previous Memorandum Opinion and Order dated July 11, 2014. D.E. 276. The facts repeated are those necessary to decide the motion before the Court.

In September 2012 Broussard pleaded guilty to Counts One and Twenty-Seven of a multiple count Second Superseding Indictment. Count One alleged a conspiracy to commit payroll fraud and Count Twenty-Seven charged Broussard with theft concerning programs receiving federal funds. D.E. 117.[1] Broussard entered into a plea agreement that included a waiver of his right to collaterally attack the judgment, except for claims of ineffective assistance of counsel. D.E. 198. He was sentenced on February 25, 2013, to forty-six months imprisonment on each count, to be served concurrently. D.E. 237. He did not appeal.

During the original proceedings and before his plea of guilty, Broussard attacked the integrity of the government's prosecution.[2] During the same period as Broussard's prosecution, other criminal cases involving police misconduct and municipal corruption were also proceeding in the district courts of the Eastern District of Louisiana. Prosecutorial misconduct was uncovered in some of those cases,[3] and a court-ordered investigation ensued, as well as the internal investigation by the Department of Justice (DOJ) Office of Professional Responsibility (OPR).

---

[1]  Count One, the conspiracy count, charged violations of 18 U.S.C. § 371. Count Twenty-Seven charged theft concerning programs receiving federal funds in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2.

[2]  Broussard filed a *pro se* Motion for Formal Inquiry into Violations of 18 USC Title 18a, Rule 6. D.E. 9. He also filed a motion to recuse the USAO (D.E. 82) on the ground of prosecutorial misconduct. The Court denied the motion to recuse. D.E. 115, 116 and 120.

[3]  *United States v. Mouton*, No. 11-48, 2013 WL 3187265 (E.D. La. June 20, 2013) (denying defendant's right to engage in discovery of prosecutorial misconduct after his guilty plea ); *United States v. Bowen*, 969 F. Supp.2d 546 (E.D. La. 2013) (granting motion for new trial to police officer defendants based upon prosecutorial misconduct).

In late November 2012, two months after the Court accepted Broussard's guilty plea, the United States Attorney (USA) for the Eastern District Jim Letten acknowledged to the Court by sealed letter that First Assistant Jan Mann blogged about the Broussard case and misrepresented facts to the Court in the government's sealed filing dated July 2, 2012, attached to Letten's letter. The Court notified Broussard and his counsel of that information during a December 3, 2012, telephone hearing with the parties and unsealed Letten's letter and Mann's previously sealed filing. D.E. 204.

Thereafter, Broussard filed a lengthy motion that urged the Court to hold an evidentiary hearing to investigate prosecutorial misconduct during all phases of this case from the grand jury proceedings to plea bargaining, mentioned the "possible need to recuse the U.S. Attorney's Office [USAO] for the Eastern District of Louisiana" and sought sanctions. D.E. 205. Broussard did not request dismissal of the indictment against him or to withdraw his guilty plea. *Id*. After considering the briefing and evidence by the parties, the Court denied Broussard's motion for hearing, for discovery or to recuse the USAO. D.E. 218.[4]

---

[4]    Defendant Broussard relies on recent public disclosure and admissions related to two former Assistant United States Attorneys of the Eastern District of Louisiana and their affinity for blogging their opinions on alleged criminal activities of certain members of the New Orleans community, including those of Defendant Broussard. Defendant Broussard also seeks the Court to rule on motions that were once before the Court but withdrawn by him before his pleas of guilty. He does not move to dismiss the indictment. Neither has he sought to withdraw his pleas of guilty pursuant to Federal Rule of Criminal Procedure 11(d). Likewise, no other co-defendant or co-conspirator has moved to dismiss or withdraw their guilty pleas.

Broussard filed a § 2255 motion to vacate, set-aside or correct sentence in February 2014 in which he alleged that his counsel provided ineffective assistance because counsel was unable to adequately advise Broussard whether to plead guilty or to proceed to trial due to counsel's inability to discover the full extent of prosecutorial misconduct. *See* D.E. 250-1. This Court denied the motion after finding that Broussard had not established ineffective assistance of counsel. D.E. 276. The Court granted Broussard a Certificate of Appealability. *Id*. Broussard appealed to the Fifth Circuit Court of Appeals which denied relief. *United States v. Broussard*, No. 14-30876 (5th Cir. March 4, 2015) (per curiam) (designated unpublished).

## II.   MOVANT'S CLAIMS

Broussard alleges that he has  newly discovered evidence that warrants the reopening of his § 2255 proceedings, *i.e.*  the December 2013 OPR Report by DOJ which discloses the results of OPR's investigation into prosecutorial misconduct within the USAO in the Eastern

---

Defendant Broussard's requests for recusal of the United States Attorney for the Eastern District of Louisiana and his office based on prosecutorial misconduct and Grand Jury leaks have previously been rejected by this Court. Defendant Broussard's motion for recusal at this stage in the proceedings of the case is also denied. In the first instance, he has waived such alleged defects by pleading guilty to conspiracy and theft and by admitting the criminal facts underlying these convictions. In the second instance, Defendant Broussard essentially received the recusal relief sought. Blogger Salvador Perricone has resigned and blogger Jan Mann has been demoted. The former United States Attorney Jim Letten has resigned and been replaced.

*Id*., pp. 1-2.

District.[5] Broussard unsuccessfully sought to obtain the report in discovery during the § 2255 proceeding. D.E. 271. The Report documents ethics violations by members of the USAO that occurred before and during Broussard's prosecution and the prosecution of others in separate criminal proceedings.  Broussard claims that if his counsel had known the full extent of the ethical violations during his prosecution, the USAO for the Eastern District of Louisiana would have recused itself and Broussard's prosecution would have been dismissed by the new, independent prosecutor.

After the government responded to Broussard's Rule 60(b) motion, Broussard filed a motion for leave to reply and for a hearing. D.E. 288, 289.

## III.   ANALYSIS

Broussard wants a "do-over" on his § 2255 motion because "the extraordinary circumstances . . . whereby the government continued to withhold existence of Mann's deceitful and conflicted misconduct throughout the entirety of the § 2255 proceedings . . . affected the integrity of these proceedings." D.E. 284-1, p. 12. Broussard is only entitled to a "do-over" if his newly discovered evidence affects the integrity of the § 2255 proceedings.

---

[5]  In March 2012, Sal Perricone, a senior prosecutor for the USAO, was discovered to have blogged extensively about federal criminal prosecutions on nola.com, the website for The Times Picayune. His blogging included comments about political corruption in Jefferson Parish and Broussard before and after Broussard's indictment. Perricone was not part of the team that prosecuted Broussard. However, Jan Mann, the First Assistant in the USAO was involved in the Broussard prosecution. She responded to the fallout from Perricone's blogging in various courts in which criminal prosecutions were pending, including in this case. *See* D.E. 204-1.

A.        **Rule 60(b) and Second or Successive Motion**

Broussard seeks to begin § 2255 proceedings anew with consideration of the OPR

Report and perhaps other evidence. *See* D.E. 289-2, p. 2. Thus the question is whether his

motion is a substantive attack on this Court's previous resolution, or rather a complaint that

a flaw in the proceedings prevented proper resolution of the merits. *See Gonzalez v. Crosby*,

545 U.S. 524, 532 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013)

("where a Rule 60(b) motion advances one or more substantive claims, as opposed to a

merely procedural claim, the motion should be construed as a successive § 2255 motion.");

*Ruiz v. Quaterman*, 504 F.3d 523 (5th Cir. 21007) (Rule 60(b) motion not second or

successive where it challenged application of procedural bar); *see also United States v.*

*Avalos–Vasquez*, 339 Fed. App'x. 875, 877–78 (10th Cir. 2009); *United States v. Smith*, 932

F. Supp.2d 656, 657-58 (M.D. La. 2011) (finding Rule 60(b) motion to be second or

successive).

It is only when a Rule 60 motion "attacks . . . some defect in the integrity of the

federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez,*

545 U.S. at 532. As an example, in *Gonzalez*, the movant challenged the application of the

statute of limitations which prevented a ruling on the merits of his petition. *Id*., 545 U.S. at

535. In *Avalos-Vasquez* the Tenth Circuit held that a Rule 60(b) motion based on the

government's failure to serve its response on petitioner which prevented the petitioner from

filing a reply constituted a "true" Rule 60(b) allegation rather than a successive § 2255

motion. Whether "there exist or do not exist grounds entitling a petitioner to habeas corpus relief" is an "on the merits" decision. *Gonzalez*, 545 U.S. at 532 & n.4.

## B.   Newly Discovered Evidence

Broussard seeks reversal of this Court's on-the-merits denial of his previous § 2255 claim based upon the allegedly new evidence. Newly discovered evidence as set out in Rule 60(b)(2) is evidence that could not have been discovered with reasonable diligence, before time to move for a new trial. Fed. R. Civ. P. 60(b)(2). But in addition, the evidence must be "material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003); *see also Hesling v. CSX Transp., Inc*., 396 F.3d 632, 639 (5th Cir. 2005). In the criminal law context a motion for new trial based upon newly discovered evidence also requires materiality and diligence.[6] Fed. R. Crim. P. 33; *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011).

The OPR Report that is newly available to Broussard, expands upon the previously known evidence of Jann Mann's blogging related to Broussard, her false submissions to this

---

[6]     To obtain a new trial based on newly discovered evidence, the defendant must show that (1) the evidence is newly discovered and was unknown to him at the time of trial, (2) the failure to detect the evidence was not due to his lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*United States v. Posey*, 566 Fed. App'x. 341, 342 (5th Cir. May 2, 2014) (per curiam) (designated unpublished).

and other courts, and the testimony by Thomas Anderson with the Executive Office of the Office of United States Attorneys (EOUSA) that he would have recommended recusal of the USAO if he had known of Mann's blogging in May of 2012.

Perricone's blogging was the subject of news reports in New Orleans beginning in March 2012, months before Broussard's guilty plea.[7] In early November 2012, approximately five weeks after Broussard's guilty plea, The Times Picayune also reported that First Assistant Jan Mann likewise blogged about public corruption cases. "First Assistant U.S. Attorney Jann Mann demoted after admitting online commentary," The Times Picayune, November 8, 2012.

The OPR report provided details of the blogging to a greater extent than the newspaper reports including the text of two of three blog posts by Mann related to Broussard.[8] The Report detailed Mann's conflict of interest with her client, the United States

---

[7]   *See* "Mencken1951 Unmasked: It is federal prosecutor Sal Perricone," The Times Picayune, March 15, 2012; "Federal Prosecutor Sal Perricone Resigns," The Times Picayune, March 20, 2012.

[8]   In response to a December 2, 2011 news story announcing the original indictment involving the defendants here, poster "eweman" wrote:

> They have been accused of stealing hundreds of thousands of our dollars and are charged with felonies galore. It sound like a couple of you out there think that won't land em in the pen. Haven't you been paying attention? You take the king down for anything you got him on. A1 Capone went to jail for taxes, remember?

AUSA Mann posted on nola.com under the name "eweman."  In response to an article regarding an anticipated plea agreement between Broussard's co-defendant Whitmer and the government, eweman wrote,

> The parish president and parish attorney and the mega Rich contractors are far worse

and detailed why the USAO was recused from some cases. Broussard argues that Mann's blogging, if known before he pleaded guilty, would have caused recusal of the USAO in his case, based upon Anderson's testimony reported by OPR. Had the USAO been recused, either DOJ or another office would have been brought in to prosecute Broussard. Broussard focuses on this last piece of information. He speculates that if this Court had known that the EOUSA internally would have recommended recusal of the USAO that this Court would have disqualified the USAO. Although DOJ might have decided that the USAO should be recused, that is a matter within the Executive Branch and is governed by different set of rules and considerations than apply to this Court's decision. Indeed, by the time Broussard was sentenced, Mann and Perricone had retired and Letten had resigned. A different United States Attorney was in charge.[9]

Virtually all of the information regarding Jann Mann's perfidy was made known, albeit in less detail, to Broussard by December 3, 2012. This Court denied Broussard's far-ranging request for discovery and for an evidentiary hearing in the original proceedings

_____

than Whitmer. If the Feds wanted to give him a good deal to get inside scoop on the higher ups lets trust them to get it right. They are all we got standing between justice and total corrupt chaos in JP.

The third blog post was sealed by Judge Englehardt in a different case. D.E. 284-3, p. 46.

[9]   Indeed, the new Interim United States Attorney was imported from Virginia and was not involved in the problems discovered within the office. *See* Attorney General Eric Holder Announces Interim Appointment of Dana J. Boente as U.S. Attorney for the Eastern District of Louisiana, December 6, 2012. http://www.justice.gov/opa/pr/attorney-general-eric-holder- announces-interim-appointment-dana-j-boente-us-attorney-eastern, last viewed June 26, 2015.

because Broussard waived the misconduct and the opportunity to challenge venue by pleading guilty and did not seek to withdraw his guilty plea. *See* D.E. 218. Broussard has never sought to withdraw his guilty plea.[10] The relief he seeks still appears to be an expedition through government misconduct in the hope that his conviction will somehow be vacated, not by Court action, but by the independent act of the government.

Mann's blogging and her false statements to this Court do not constitute newly discovered evidence. Anderson's testimony regarding his internal recommendation, may be new and the testimony may be evidence, but it is not material to any matter before this Court, then or now. Anderson's internal recommendation as to recusal is not binding and not evidentiary on any defect in the habeas proceedings. None of Broussard's allegedly newly discovered evidence reveals previously unknown misconduct that affected the integrity of the § 2255 proceedings. As a result, the Court finds Broussard's Rule 60(b)(2) motion is not meritorious and is thus a second or successive motion that this Court may not consider unless Broussard obtains pre-certification from the Fifth Circuit Court of Appeals. *Gonzalez*, 545 U.S. at 531; *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000);[11] 28 U.S.C.

---

[10]   Additionally had Broussard desired to do so, he could have explored any prejudice to his right to a fair trial before an impartial jury had he renewed his motion to transfer venue and withdrawn his guilty plea. Although the OPR Report demonstrates efforts by individual prosecutors to influence public opinion, it does not reveal any effort to suborn perjury before the grand jury which would affect the integrity of the charging process.

[11]   "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*.

§ 2255(h); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Broussard has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

This Court recognizes that this case presents unique circumstances. Accordingly the Court GRANTS Broussard a Certificate of Appealability on his claim that his Rule 60(b) motion challenges the integrity of prior proceedings and is not a second or successive motion.

## V.  CONCLUSION

The Court GRANTS Broussard's motion for leave to file a reply (D.E. 289) and instructs the Clerk to file D.E. 289-2 separately in the docket. The Court previously GRANTED Broussard's request for oral argument (D.E. 288) on his Rule 60(b) motion. Broussard's Rule 60(b) motion (D.E. 284) is DISMISSED as second or successive, but the Court GRANTS him a Certificate of Appealability.

Ordered this 26th day of June, 2015.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

12